**NICK ISTOCK, INC., Plaintiff,**

v.

**RESEARCH–COTTRELL, INC., Defendant.**

**Civ. A. No. 74–350.**

United States District Court, W. D. Pennsylvania.

April 6, 1977.

Jack W. Plowman, Pittsburgh, Pa., for plaintiff.

David A. Scott, Thorp, Reed & Armstrong, Pittsburgh, Pa., for defendant.

## MEMORANDUM ORDER

WEBER, Chief Judge.

Plaintiff has filed a motion for a protective order, contending that defendant's attempt to depose plaintiff's accountant, E. Anthony Dills, violates Pennsylvania's accountant-client privilege statute, 63 Purdon's Stat. § 9.11a. This statute provides that a certified public accountant shall not be required to, and shall not voluntarily, disclose information he obtains relative to or in connection with his services as a C.P.A. The statute further provides that the "information derived from or as a result of such professional services shall be deemed confidential and privileged." The statute contains exceptions, inter alia, where the client gives permission for disclosure and where the information to be disclosed is required to be disclosed by the standards of the profession in reporting on the examination of financial statements. Plaintiff has filed an affidavit by Mark DuMars, also a C.P.A. with Price Waterhouse, which states that all information required by the standards of the accounting profession has been disclosed in the financial statements.

Defendant challenges the application of the accountant-client privilege statute for five reasons: (1) that plaintiff has already consented to the depositions; (2) that the amendment to the C.P.A. law was not effective until December 30, 1974 and is therefore inapplicable; (3) that the plaintiff has no standing to assert the accountant's privilege; (4) that the communications in question are not privileged as that term is used in the statute; and (5) that the information sought comes within the exception for disclosure of information required under the standards of the profession in reporting on the examination of financial statements.

The parties have filed briefs and reply briefs on these issues, and the Pennsylvania Institute of Certified Public Accountants has filed a brief as amicus curiae. The Institute's position is that the 1974 amendment strengthened the privilege by substantially reducing the exclusions applicable to privileged communications, and the Institute desires to prevent erosion of its statute by judicial interpretation.

We find it unnecessary to consider all these issues at this time. In response to an interrogatory to plaintiff, plaintiff listed Price-Waterhouse and two of its employees as expert witnesses it *may* call. When a notice of deposition was served by defendant, plaintiff objected that these witnesses were not subject to discovery because they were "experts" whose discovery is limited by Fed.R.Civ.P. 26(b)(4). We nevertheless ordered their testimony taken by deposition as "fact" witnesses. No privilege objection was raised at that argument.

Plaintiff's calling of such witnesses in the trial of this case in any capacity would constitute a waiver of any privileged communications relating to the matters at issue. See, e. g., *Daniels v. Hadley Memorial Hospital*, 68 F.R.D. 583 [D.C.1975] (attorney-client privilege). Plaintiff now contends, however, that despite its answer to the interrogatory listing the accountants as possible witnesses, it has not manifested any intention to call anyone from Price-Waterhouse to testify to the facts, nor has it yet received any expert report. Defend-

ant is proceeding on the basis that the C.P.A. is a fact witness.

Before we determine any question of privilege, plaintiff must elect whether or not it intends to call these witnesses in its case. If plaintiff intends to call them as fact or expert witnesses, we will allow discovery of any matters in their knowledge related to the matters at issue. If plaintiff elects not to use these accountants as witnesses, we will then determine the privilege question if defendant still wishes to pursue discovery by their deposition. Plaintiff will be bound by its election unless change of circumstances warrants otherwise.